02-10-176 & 177 & 178-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

                                                NOS. 02-10-00176-CR

                                                          02-10-00177-CR

                                                          02-10-00178-CR

 

 


 
 
 Jesse Thomas Dickson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM Criminal District Court No. 4 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          In a single issue, Jesse Thomas
Dickson challenges the sufficiency of the evidence to support his three
convictions for robbery by threats.  We
affirm.

Standard
of Review

In our due-process review of the sufficiency
of the evidence to support a conviction, we view all of the evidence in the
light most favorable to the prosecution to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).[2]

Applicable Facts

          Abhishek Devkota, an employee of
Allison’s Food Store on Isbell Road in Fort Worth, testified that on August 1,
2009, a man wearing a plastic bag on his head came into the store.  The man showed Devkota a black gun that he
was holding under a newspaper, and he ordered Devkota to give him money.  The man said, “I have a gun, you better hand
money to me or something won’t be right.” 
Devkota gave the man “[e]verything [he] had on the counter.”  The man also took some cigarettes and
Devkota’s cell phone.  Devkota was scared
and feared for his life.  Two or three
days later, police showed Devkota a photo array; he selected appellant’s
picture from the array, saying that he was seventy to eighty percent sure it
was the person who had robbed him.  Devkota
could not identify appellant at trial.

          Phary Kun, the daughter of the owners
of Clear Fork Liquor on River Oaks Boulevard in Fort Worth, testified that on
August 3, 2009, a man came into the store wearing a white plastic grocery bag
on his head; he ordered Kun to give him all the store’s money.  Kun noticed that the man had a gun and
newspaper in his left hand when he walked into the store.  She could see that the gun was black.  Although the gun looked fake, she did not
know what a real gun looked like.  The
man was “just holding it and waving it around” in her direction.  Kun was scared for herself and her cousins, who
were also in the store at the time. The man saw two of the cousins looking at
him and said, “Don’t look at me and nobody will get hurt.”  The cousins were scared as well.  Kun testified that the man was wearing a black
shirt with red lettering on it.  Kun gave
the man a handful of bills, and he left. 
She identified appellant at trial as the man who had robbed her.

          Say Krouch, the owner of Millennium
Liquor on Jacksboro Highway in Samson Park, testified that on August 6, 2009, a
man with a bag on his head came into his store, pulled out a black gun, pointed
it at him, and ordered him to put money from the cash register into a bag.  The man said, “Don’t make me use this
gun.”  Krouch gave the man about
$300.  Krouch tried to follow the man
out, but the man turned around and said, “Don’t look at me, don’t make me use
this.”  Krouch was nervous and scared for
his life.  He identified appellant in a
photo array after the robbery and also at trial.

          On August 7, 2009, River Oaks Police
Officer Dusty Moren stopped a man with the robber’s description walking in
River Oaks.  The man was nervous and had
a plastic bag with some clothing in it, including a dark shirt.  Officer Moren identified appellant in court
as the man he stopped that day.

          Sansom Park Officer Thomas Milner
interviewed appellant that day in his office at the police department.  He noticed that appellant had a hole in the
jeans he was wearing that was in the same location as a hole in the jeans the
robber in the surveillance video at Millennium Liquor had been wearing.  Additionally, Officer Milner noticed a tattoo
on appellant’s arm; the video showed something white on the same part of the
robber’s arm that appeared to be a bandage.  Appellant did not confess to Officer Milner,
who let him go after the interview.  However,
the next day, Detective David Hobbs from the Fort Worth Police Department
called Officer Milner and told him to check the trash can in his office.  Officer Milner found a plastic gun there.

After
Officer Milner interviewed appellant, Fort Worth police subsequently obtained
an arrest warrant for appellant.  Near
where they found him, the police also found a T-shirt and other clothing that appellant
said belonged to him.  The T-shirt had red
lettering on it and appeared to be the same shirt worn by the robber during the
Clear Fork robbery.

          Detective Hobbs testified that he
investigated the three robberies and began to suspect appellant based on
independent identifications by Devkota and one of Kun’s cousins who witnessed
the Clear Fork robbery as well as videotape surveillance from the stores.  Fort Worth police arrested appellant, and
Detective Hobbs read appellant his Miranda
rights before interviewing him. 
Appellant consented to the interview without the presence of an attorney
and without invoking his right to remain silent.  Detective Hobbs recorded appellant’s
interview; the trial court admitted the interview without objection from
appellant and played it for the jury.

          In the interview, appellant admitted
taking $62.00 from the clerk at Allison’s Food Store; however, in response to a
false scenario proposed by Detective Hobbs, appellant said he returned the
money and that it was part of an insurance fraud scheme with the clerk, who
told appellant that he was the owner. 
Appellant also admitted taking money in an unspecified amount from the
clerk at Clear Fork Liquor Store and from the Sansom Park store (Millennium).  According to appellant, he only committed the
second and third robberies to call attention to himself so that police would
clear his girlfriend of a weapons charge she had been convicted of; according
to appellant, the gun she was charged with possessing belonged to him, not her,
and she was wrongfully convicted. Appellant admitted using a toy pistol during
the Clear Fork robbery.

          According to Detective Hobbs,
Allison’s reported that the robber stole $190, and Clear Fork reported that the
robber stole $730.

          Additionally, the surveillance videotapes
from each store were admitted and viewed by the jury.

Analysis

          Appellant claims the evidence is
insufficient because there is no evidence of a matching description or
eyewitness account to prove his identity beyond a reasonable doubt.  Appellant claims that no witness could
positively identify him and that the image caught on the videotape, which the
State alleged was him, was unclear.  He
acknowledges that his confession was admitted but makes no argument explaining
why the confession would not be sufficient.

          The elements of robbery by threats are
that a person (1) in the course of committing theft (2) with intent to obtain
and maintain control of property (3) intentionally or knowingly (4) threatens
or places another in fear of imminent bodily injury or death.  Tex. Penal Code Ann. § 29.02(a)(2) (Vernon
2003).  Theft is defined as the unlawful
appropriation of property with intent to deprive the owner of that property.  Id.
§ 31.03(a) (Vernon Supp. 2010).

          The jury was entitled to believe or
disbelieve the identifications made at trial by Kun and Krouch and to resolve
whether the image on the surveillance tapes was that of appellant.  Moreover, appellant admitted that he took
money at all three stores even though he said that he did not intend to deprive
the Allison’s owner of property because he thought the clerk was the owner.  The eyewitnesses testified that appellant
used what appeared to be a gun and verbally threatened them, making them feel
scared for their lives.[3]  Based on the above, we conclude and hold that
the evidence is sufficient to support all three convictions.

          We overrule appellant’s sole issue and
affirm the trial court’s judgments.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER
and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 3, 2011











          [1]See Tex. R. App. P. 47.4.





[2]Appellant
challenges only the factual sufficiency of the evidence.  But after appellant filed his brief, the
court of criminal appeals overruled cases that allowed a factual sufficiency
review and held that there is “no meaningful distinction between the . . . legal-sufficiency
standard and the . . . factual-sufficiency standard.”  Brooks
v. State, 323
S.W.3d 893, 901 (Tex. Crim. App. 2010).  Thus, the Jackson
standard is the “only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt.
 All other cases to the contrary . . .
are overruled.”  Id. at 912.  Accordingly, we
apply the Jackson standard of review
to appellant’s sufficiency issue.





[3]One
of the officers testified that from a side angle, the gun was indistinguishable
from a real weapon.